UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

MARK MILEWSKI,

    Plaintiff,                                    CASE NO._____

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S
NOTICE OF REMOVAL PURSUANT TO TITLE 28,
U.S.C. SECTIONS 1331, 1332, 1441 AND 1446**

**COMES NOW** the Defendant, **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** ("Liberty Life"), by and through its undersigned counsel, pursuant to the provisions of Title 28, U.S.C. §§1331, 1332, 1441 and 1446, and hereby provides notice of removal of the above-captioned action to the United States District Court of Florida, Southern District, Fort Pierce Division, from the Circuit Court of St. Lucie, Florida. In support of its Notice of Removal, Liberty Life respectfully submits as follows:

    I.        Threshold Facts

On June 28, 2019, Liberty Life was served by the Florida Department of Financial Services with a Complaint in the action captioned *Mark Milewski v. Liberty Life Assurance Company of Boston*, case number 562019CA001240AXXXHC, in the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida. A true and correct copy of all process and pleadings served upon Liberty Life are attached hereto as Attachment "A." To the best knowledge and belief of Liberty Life, no further proceedings have been had in the state court.

Plaintiff's complaint seeks benefits under a Long Term Disability Plan, established by Bose Corporation ("the Sponsor"), for the benefit of its eligible employees. The Complaint alleges, on its face, that Plan benefits are insured by Liberty Life pursuant to a Group Disability Income Policy it issued to the Sponsor. *Complaint*, ¶ 9 & Exh. B. The Complaint further alleges, on its face, that the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 *et seq. Id.*, ¶¶ 1, 2 & 8. The action is brought pursuant to 29 U.S.C. §1132. *Id.*, ¶¶ 1 & 2.

II.     Standard for Removal

Removal of a case to federal court is proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, removal is proper because federal question jurisdiction exists as this is an action which arises under the Constitution, laws, or treaties of the United States (ERISA). *See* 28 U.S.C. § 1331.

Under the doctrine of super-preemption, Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction. *See e.g., Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987)(citing *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)). Such "complete preemption" will convert state law claims into federal claims for the purposes of the well-pleaded complaint rule, allowing a defendant to remove the case to federal court. Congress has accomplished this "complete preemption" in 29 U.S.C. § 1132(a), which provides the exclusive cause of action for the recovery of benefits under an ERISA plan. *Taylor*, 481 U.S. at 65-67, 107 S.Ct. at 1547-48; *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

Plaintiff's complaint acknowledges that this action is brought under federal law, and that the

United States District Court has original jurisdiction. *Complaint*, ¶ 1. As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to the provision of 28 U.S.C. §1441(a) and (b).

This Notice of Removal is being filed within the time periods required by 28 U.S.C. §1446(b). Additionally, written notice of the filing of the Notice of Removal has been given to the adverse party as required by law. 28 U.S.C. §1446(d). A true and correct copy of this Notice of Removal will be promptly filed with the Circuit Clerk of the Court in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida as provided by law.

/s *Lee W. Marcus*
LEE W. MARCUS, ESQUIRE
Florida Bar No.: 967076
MARCUS & MYERS, P.A.
6150 Metrowest Blvd., Ste. 208
Orlando, FL  32835
Telephone: 407-447-2550
Facsimile:  407-447-2551
Primary email: lmarcus@marcusmyerslaw.com
Secondary email: mbusby@marcusmyerslaw.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that the original of the foregoing was dispatched to the U.S. District Court – Southern District, Fort Pierce Division for filing on July 11, 2019, and a copy has been provided by U.S. Mail and email to Aaron M. Clemens, Esq. (AClemens@4injuryhelp.com) and David F. Mancini (davidfmancini@aol.com) of Reich & Mancini, P.A. (eService@4injuryhelp.com) 150 S.W. Chamber Court, Suite 205, Port St. Lucie, FL 34986, on this 11th day of July, 2019.

                          /s/ *Lee W. Marcus*
                          LEE W. MARCUS, ESQUIRE
                          Florida Bar No.: 967076
                          MARCUS & MYERS, P.A.
                          6150 Metrowest Blvd., Ste. 208
                          Orlando, FL 32835
                          Telephone: 407-447-2550
                          Facsimile: 407-447-2551
                          Primary email: lmarcus@marcusmyerslaw.com
                          Secondary email: mbusby@marcusmyerslaw.com
                          Counsel for Defendant